**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Cawley, et al., | No. CV-22-00823-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| American Financial Security Life Insurance Company, et al., | |
| Defendants. | |

    Before the Court is Plaintiffs' Amended Motion to Strike (Doc. 153), in which they ask this Court to strike Defendant American Financial Security Life Insurance Company's ("AFSLIC's") Additional Statement of Undisputed Facts (Doc. 150) and Controverting Statement of Facts (Doc. 151) on the grounds that these filings are prohibited by the Local Rules of Civil Procedure. (Doc. 153 at 1). They also move to strike the portions of AFSLIC's Reply in Support of its Motion for Summary Judgment (Doc. 149) that refer to the Additional Statement of Undisputed Facts (Doc. 150). (*Id.*). Also before this Court is AFSLIC's Response to Plaintiffs' Motion to Strike (Doc. 154) and Plaintiffs' Reply (Doc. 155). The Court now rules as follows.

    In its Response to Plaintiff's Motion, AFSLIC argues that its "undersigned counsel attempted to follow what it understood to be a plain reading of LRCiv 56.1(b) read in conjunction with LRCiv 7.2(m)(2). Counsel was in no way attempting to subvert this Court's Local Rules." (Doc. 154 at 2). It argues that if the Court is inclined to strike the Additional Statement of Undisputed Facts (Doc. 150) and its Controverting Statement of

Facts (Doc. 151), it "should not strike the Second Declaration of Jacob Armpriester [Doc. 150-2] that was filed in conjunction with ASFLIC's [sic] Reply and cited in its ASOF" because "Declarations are expressly permitted by Fed. Rule Civ. P. 56(c)(1)(a) and (c)(4) to support 'that a fact cannot be or is genuinely disputed.'" (Doc. 154 at 2). Furthermore, it argues that the Court should not strike any portion of AFSLIC's Reply (Doc. 149), because the Court can simply disregard any citations to the separate statements of fact in the Reply. (Doc. 154 at 4–5).

The Local Rules of Civil Procedure ("Local Rules" or "LRCiv") provide that any party moving for summary judgment must file a separate statement of material facts in support of its motion. LRCiv 56.1(a). The opposing party may then file a response to the motion for summary judgment and a separate statement of controverting facts. LRCiv 56.1(b). The original movant may file a reply in support of their motion for summary judgment, but "[n]o reply statement of facts may be filed." LRCiv 56.1(b). Because the Local Rule is clear that reply statements of fact may not be filed, Plaintiffs' Motion to Strike the two reply statements of fact filed by AFSLIC (Docs. 150, 151) will be granted as to those two documents. *See Elite Performance LLC v. Echelon Prop. & Cas. Ins. Co.*, 2022 WL 3567601, at *9 (D. Ariz. Aug. 17, 2022) (striking a controverting statement of facts filed in support of a reply brief for failure to comply with LRCiv 56.1(b)). However, the remaining question is whether the Declaration of Jacob Armpriester (Doc. 150-2) must also be struck.

Plaintiffs argue that the Declaration is a "backdoor" means of filing a reply statement of facts and is therefore an "attempt to circumvent" LRCiv 56.1(a). (Doc. 155 at 3). However, AFSLIC contends that the Declaration is expressly permitted by the rules and should not be struck. (Doc. 154 at 5). "While the court may refuse to consider evidence submitted for the first time in a reply, the Court may consider evidence and argument submitted with a reply that is responsive to arguments raised in the non-moving party's brief in opposition." *Ejonga v. Strange*, 2023 WL 4457142, at *1 (W.D. Wash. July 11, 2023). Here, the Declaration in question responds to arguments raised in Plaintiffs'

Response to AFSLIC's Motion for Summary Judgment (Doc. 140). The Declaration is made "in support of" AFSLIC's Reply, not in support of its prohibited statements of fact. (Doc. 150-2 at 1). The Court therefore declines to strike the Declaration (Doc. 150-2) attached to AFSLIC's Additional Statement of Undisputed Facts.

Accordingly,

**IT IS ORDERED** that the Plaintiffs' Amended Motion to Strike (Doc. 153) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that Defendant American Financial Security Life Insurance Company's Additional Statement of Undisputed Facts (Doc. 150) and Controverting Statement of Facts (Doc. 151) shall be **stricken** as prohibited reply statements of fact in violation of LRCiv 56.1(b). The Court will disregard the portions of AFSLIC's Reply brief (Doc. 149) that refer to the stricken statements of fact. However, the Second Declaration of Jacob Armpriester, attached as an exhibit (Doc. 150-2) to the stricken Additional Statement of Undisputed Facts, shall not be stricken.

**IT IS FURTHER ORDERED** that Defendant American Financial Security Life Insurance Company shall refile its Reply in Support of its Motion for Summary Judgment (Doc. 149) with the Second Declaration of Jacob Armpriester attached as an exhibit to that document. Furthermore, it should remove any reference to the stricken statements of fact from its Reply.

Dated this 27th day of January, 2025.

Honorable Steven P. Logan
United States District Judge