**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Gary Cawley, et al., )    No.  CV-22-00823-PHX-SPL
)
            Plaintiffs, )    **ORDER**
)
vs. )
)
American Financial Security Life )
Insurance Company, et al., )
            Defendants. )
)

Before the Court are two Motions: Plaintiffs' Emergency Motion for Leave to Amend Complaint to Add Punitive Damages Claim (Doc. 265) and Plaintiffs' Motion to Modify Amended Joint Pretrial Order (Doc. 269). Both Motions are fully briefed and ripe for review. (*See* Docs. 267, 268, 273, 274). The Court now rules as follows.[1]

I.    **BACKGROUND**

This action arises out of an insurance coverage dispute between Mr. Gary Cawley and Mrs. Pamela Cawley ("Plaintiffs" or "the Cawleys") and their former insurer, American Financial. (Doc. 1-4 at 2–3). The Court provided a detailed summary of the factual background of this case in its February 27, 2025 Order on Defendant American Financial and International Benefit Administrators' ("IBA's") Motions for Summary Judgment. (Doc. 160).

---

[1]    Because it would not assist in resolution of the instant issues, the Court finds the pending motions are suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Plaintiffs initiated this action in Maricopa County Superior Court on January 12, 2022, bringing several claims under Arizona law against Defendant American Financial, IBA, and Sharisa Vaval.[2] (Doc. 1 at 1–2; Doc. 1-4 at 5–9). On May 12, 2022, Defendant American Financial removed the action to this Court. (Doc. 1 at 1). After extended discovery, American Financial and IBA both filed Motions for Summary Judgment (Docs. 121, 123). The Court granted IBA's Motion for Summary Judgment (Doc. 121) and dismissed IBA as a party to the action. (Doc. 160 at 21). The Court granted in part and denied in part American Financial's Motion for Summary Judgment. (Doc. 123). Thus, the only remaining claims in this case are for breach of contract (Count I) and bad faith (Count II) against Defendant American Financial. (Doc. 160 at 21). On May 28, 2025, the Court held a Final Pretrial Conference ("FPTC"), setting a two-week jury trial in this matter that is scheduled to begin on April 7, 2026. Leading up to the FPTC, Plaintiffs filed 9 Motions in Limine, and Defendants filed 16 Motions in Limine and 2 *Daubert* Motions. (*See* Docs. 228, 236). At the FPTC, the Court adopted the Amended Joint Final Pretrial Order (Doc. 201), as well as the Joint Proposed Statement of the Case, Voir Dire questions, and Preliminary Jury Instructions. (Docs. 189, 195, 192). On October 6, 2025, Defendant American Financial filed an Unopposed Motion Amend the Witness List to add Robert Pillartz, and the parties stipulated that he would be available for deposition. (Doc. 240). The Court granted the Motion. (Doc. 243).

The current dispute surrounds new evidence found by Plaintiffs. Plaintiffs assert that on March 3, 2026, they found a Consent Order issued on January 29, 2026 by the Texas Commissioner of Insurance against Defendant American Financial. (Doc. 265 at 2). The Consent Order states that Defendant "failed to ensure the competent administration of its programs through its third-party administrator [IBA], has not performed on-site audits of its administrator, engaged in unfair claims settlement practices, and failed to timely pay

---

[2]    Default was entered against Defendant Vaval on August 1, 2022. (Doc. 21).

claims," with issues resulting from IBA's "complete system overhaul." (*Id.*). Plaintiffs argue that this evidence "directly contradicts" Defendant's position that delays in claims processing were due to COVID-19 (*id.*) and shows that Defendant "acted with conscious disregard for Plaintiff's rights." (*Id.* at 14). Now, Plaintiffs seek leave to amend the complaint to add a claim for punitive damages against Defendant American Financial due to this new evidence found through Plaintiffs' informal research. (Doc. 265 at 11). Plaintiffs also seek to modify the Amended Joint Pretrial Order to add new exhibits, witnesses, and contested issues, largely based on the Consent Orders. (Doc. 269). The Court will address both Motions in turn.

## II.    MOTION FOR LEAVE TO AMEND THE COMPLAINT

### A.  Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint should be "freely give[n] . . . when justice so requires." The policy in favor of amendment "is to be applied with extreme liberality." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (internal quotation marks omitted). Still, courts consider the following factors in deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff had amended the complaint before. *Id.* The prejudice factor carries the most weight. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* The party opposing amendment bears the burden to show that leave to amend should be denied. *See New Enters. Ltd. v. SenesTech Inc.*, No. CV-18-08033-PCT-JAT, 2019 WL 1505898, at *2 (D. Ariz. Apr. 5, 2019).

After a court enters a scheduling order under Federal Rule of Civil Procedure 16, "which establishe[s] a timetable for amending pleadings[,] that rule's standards control[]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Federal Rule of Civil Procedure 16(b)(4) provides that: "A schedule may be modified only for good cause and with the judge's consent." The analysis under Rule 16 "is not coextensive with

3

an inquiry into the propriety of the amendment under . . . Rule 15." *Johnson*, 975 F.2d at 609 (citation omitted). The "'good cause' standard primarily concerns the diligence of the party seeking the amendment." *Id.*

### B. Discussion

Leave to amend the Complaint is not warranted under Rule 15. The Court will address each factor, beginning with prejudice to the non-moving party, the most important consideration. *See Eminence Cap., LLC*, 316 F.3d at 1052 ("[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."). The Court finds that allowing Plaintiffs to add a claim for punitive damages at such a late stage in the case would be prejudicial to Defendant. Plaintiff moved to amend the complaint on March 6, 2026, only one month before the trial in this case. Allowing the proposed amendment, based on documents discovered through Plaintiffs' own research,[3] would cause undue prejudice, as the parties have not had the opportunity to prepare for trial on a claim for punitive damages.

Further, the amendment would cause undue delay. To assess undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). Although the Court appreciates that this Consent Order was only issued on January 29, 2026, Plaintiffs still could have raised a claim for punitive damages earlier in the pendency of this aging case, filed almost four years ago. As Defendant points out, the fact that IBA changed its claims system was raised during the discovery period through deposition testimony of IBA's 30(b)(6) witness. (*See* Doc. 267 at 4, 14–15).[4] Thus, the fact that IBA transitioned to use of the Javelina system is not a new fact, and any legal theories based on this change could have been ascertained

---

[3] Although the Court allowed the parties to depose the new witness per their agreement (Doc. 243), the Court did not authorize leave to reopen discovery during the time that Plaintiffs found the Consent Order.

[4] In addition, Plaintiffs acknowledge that a Consent Order was issued against IBA on March 4, 2025, also based, in part, on IBA's "system overhaul." (Doc. 265 at 2).

at an earlier time. The fact that the Texas Commissioner of Insurance recently entered into a settlement with Defendant does not mean that Plaintiffs could not have investigated these facts earlier in the case.

But even if it had not been possible for Plaintiffs to raise this theory earlier, the amendment would still be futile. "[I]n an insurance bad faith case, punitive damages may not be awarded unless the evidence reflects something more than the conduct necessary to establish the tort." *Barten v. State Farm Mut. Auto. Ins. Co.*, 28 F. Supp. 3d 978, 991 (D. Ariz. 2014) (citing *Rawlings v. Apodaca*, 726 P.2d 565, 578 (Ariz. 1986) (internal quotations omitted)). "An evil mind may be found where the defendant intended to injure the plaintiff or where defendant 'consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others.'" *Id.*

Defendant argues that "the Consent Orders do not demonstrate that [Defendant] intended to harm Plaintiffs or consciously disregarded a substantial risk of harm to them." (Doc. 267 at 17 n.6). Plaintiffs argue that the Consent Order "shows that [Defendant] knowingly relied on a [third-party administrator] that was unqualified, non-compliant, and engaged in dishonest and injurious practices; failed to supervise or audit [IBA]; and allowed systematic claim handling failures to persist during the very period when Mr. Cawley's claims were pending, which clearly damaged him and his wife."[5] (Doc. 265 at 14). Plaintiffs assert that this is enough to support "an inference that [Defendant] consciously disregarded a substantial risk of significant harm to its insureds." (*Id.*). However, these facts do not support punitive damages. *Barten*, 28 F. Supp. 3d at 992 ("While sufficient to establish the tort of bad faith, an indifference to facts or failure to investigate are insufficient to establish punitive damages.") (citing *Rawlings*, 726 P.2d at 578). Therefore, the Court finds that amendment would be futile.

---

[5] The Court notes that Plaintiffs' Proposed First Amended Complaint, attached to the Motion, does not allege punitive damages and includes claims that have already been dismissed. (*See* Doc. 265-7). Moreover, it does not allege new facts on which punitive damages are based. (*See id.*).

As to the remaining two factors under Rule 15, bad faith and whether the complaint has been amended before, the Court does not find evidence of bad faith and notes that the Complaint has not been amended before.[6] However, these factors do not outweigh the prejudice to Defendant, undue delay, and futility of amendment. On balance, leave to amend is not warranted under Rule 15.

Nor is there good cause to amend the scheduling order to allow for amendment under Rule 16. Diligence is the main inquiry under Rule 16, and the Court finds that Plaintiffs' request to amend the complaint one month before trial does not reflect diligence. *See Johnson*, 975 F.2d at 609. As explained above, the facts underlying the request for leave to amend are not new; Plaintiffs could have investigated IBA's change in claims processing systems during the discovery process when it was raised during depositions. *See Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) ("We have also noted that late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."). Therefore, the Court does not find that there is good cause to amend the scheduling order and allow for amendment to the complaint under Rule 16.  Having found that leave to amend is not warranted under Rule 15 or 16, the Court will deny Plaintiffs' Emergency Motion for Leave to Amend Complaint to Add Punitive Damages Claim. (Doc. 265).

### III.    MOTION TO MODIFY THE PRETRIAL DOCUMENTS

Next, Plaintiffs request several modifications to the Amended Joint Pretrial Order (Doc. 201) based on the Texas Consent Orders against Defendant American Financial and IBA.[7] In light of the Court's ruling above and the Ninth Circuit law articulated below, the

---

[6]    The Court previously denied Plaintiffs' Motion for Leave to Amend their Complaint. (Doc. 133).

[7]    Plaintiffs also seek to modify the Amended Joint Pretrial Order to list Mr. Robert Pillartz as a witness. (Doc. 269 at 3). The Court has already granted Defendant's unopposed request to add Mr. Pillartz to the witness list. (Doc. 243). Therefore, the request to add Mr. Pillartz as a witness on the Amended Joint Pretrial Order is granted.

modifications based on the Texas Consent Orders will be denied.

### A. Legal Standard

Rule 16(e) provides: "The Court may modify the order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e). The Ninth Circuit has outlined several tests for evaluating motions to amend a pretrial order, with the test in *Galdamez v. Potter*, 415 F.3d 1015 (9th Cir. 2005) being the most recent:

> In evaluating a motion to amend the pretrial order, a district court should consider four factors: (1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification.

*Id.* at 1020.[8] In addition, the Ninth Circuit has emphasized the importance of adhering to pretrial orders stating, "[u]nless pretrial orders are honored and enforced, the objectives of the pretrial conference to simplify issues and avoid unnecessary proof by obtaining admissions of fact will be jeopardized if not entirely nullified." *United States v. First Nat. Bank of Circle*, 652 F.2d 882, 886 (9th Cir. 1981). Moreover, the manifest injustice standard in Rule 16(e) is "the highest standard in the Federal Rules of Civil Procedure." *McBroom v. Ethicon, Inc.*, 341 F.R.D. 40, 42 (D. Ariz. 2022).

### B. Discussion

In evaluating Plaintiffs' Motion to Amend the Complaint, the Court found that Plaintiffs failed to meet the Rule 16(b)(4) good cause standard. For similar reasons, the Court finds that Plaintiffs request to modify the Pretrial Order does not meet the higher standard of manifest injustice in Rule 16(e). First, the Court finds that Defendants would be highly prejudiced by modification of the Pretrial Order and Plaintiffs would not be prejudiced by a failure to modify the order. *Galdamez*, 415 F.3d at 1020; *First Nat. Bank*,

---

[8]  The test previously articulated by the Ninth Circuit in *United States v. First Nat. Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981), uses different language that considers the prejudice to the moving party first and foremost. *See McBroom v. Ethicon, Inc.*, 341 F.R.D. 40, 42–45 (D. Ariz. 2022) (evaluating the differences between the two tests). The Court has assessed Plaintiffs' Motion in light of both tests and finds that it fails either way.

652 F.2d at 887. Plaintiffs' proposed modification would add new exhibits (the Consent Orders), new witnesses (a representative from the Texas Department of Insurance and Defendants' President and CEO Michael Camilleri), and new contested issues of fact and law involving IBA's systems and procedures and Plaintiffs' claims for damages. (Doc. 269 at 2–3). Plaintiffs moved for these modifications less than one month before trial is set to begin. To allow the amendments, when Defendant has not had the opportunity to prepare their presentation based on them, would be highly prejudicial at this very late stage in the case. Considering the upcoming trial, Defendant's ability to cure this prejudice is also low. In addition, Plaintiff will not be prejudiced by the failure to modify the Amended Joint Pretrial Order for the reasons described above.

The Court finds that none of the remaining factors would justify granting the Motion to Modify the Pretrial Order. Although the Court does not find bad faith on the part of Plaintiffs, the "impact of modification on the orderly and efficient conduct of the trial" would be great. *Galdamez*, 415 F.3d at 1020. Adding new exhibits,[9] issues, and witnesses at the final hour would complicate the trial. In sum, Plaintiffs' have not shown that the requested modifications are necessary to prevent manifest injustice. Fed. R. Civ. P. 16(e). Therefore, the Motion to Modify Amended Joint Pretrial Order (Doc. 269) will also be denied.

### IV.    ATTORNEY'S FEES

Lastly, Defendant requests attorney's fees associated with its Responses to Plaintiffs' Motions. (Docs. 267 at 18; 273 at 17–18). Defendant argues that "Plaintiffs' repeated attempts to introduce evidence of out-of-state actions in contravention of the Court's prior orders, Plaintiffs' complete lack of diligence, and their attempt to rely on Consent Orders that are patently inadmissible under settled Ninth Circuit law, this Court should award . . . attorneys' fees." (Doc. 267 at 18). Although the Court appreciates

---

[9]    The parties dispute the admissibility of the Consent Orders. Specifically, Defendant argues that the Consent Orders are not admissible under Federal Rule of Evidence 408. (Doc. 273 at 8–10). Defendant's argument underscores the Court's conclusion as to the orderly conduct of the trial.

Defendant's argument, it will decline to award attorney's fees at this time. However, the Court cautions the parties that it will not revisit issues that have already been ruled on, and it is not inclined to issue new rulings on the eve of trial.

## V.   CONCLUSION

For the reasons stated above, the Court will deny Plaintiffs' Motion to Amend the Complaint (Doc. 269) and grant in part and deny in part Plaintiffs' Motion to Modify the Amended Joint Final Pretrial Order (Doc. 269).

Accordingly,

**IT IS ORDERED** that Plaintiffs' Emergency Motion for Leave to Amend Complaint to Add Punitive Damages Claim (Doc. 265) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Modify Amended Joint Pretrial Order (Doc. 269) will be **granted in part and denied in part**. The Motion is **granted** only to the extent that the parties shall add Robert Pillartz to the Witness List in accordance with the Court's previous Order to that effect. (Doc. 243). The Motion is **denied** in all other respects.

**IT IS FURTHER ORDERED** that the parties shall update the Amended Joint Final Pretrial Order to reflect the addition of Robert Pillartz as a witness. The parties shall have until **March 26, 2026** to jointly file the updated Joint Pretrial Order.

Dated this 23rd day of March, 2026.

_____
Honorable Steven P. Logan
United States District Judge

9